IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER MONTGOMERY, JR.                                   PETITIONER
Reg #24134-009

Civil Case No. 2:10CV00114 SWW-JTK

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Christopher Montgomery, Jr., an inmate of the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). Petitioner challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served.

Defendants are entitled, under federal law, to certain credit for time spent in detention prior to sentence commencement. 18 U.S.C. § 3585(b). A defendant may receive credit towards his term of imprisonment for time that "has not been credited against another sentence." *Id.* The BOP performs computation of federal sentences, including credit for time served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Prisoners with questions or

contentions about computation may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies, prisoners may seek judicial review. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).

## Procedural History

On August 17, 2005, Montgomery was arrested by the Little Rock (Arkansas) police and charged with three counts of manufacture, delivery, and possession of a controlled substance and simultaneous possession of drugs and firearms. (Response, Doc. No. 8, Exhibit A-1) Montgomery was released on bond the next day. *Id.* On September 14, 2005, Montgomery was again arrested by Little Rock police and charged with possession of a counterfeit substance with intent to deliver. *Id.* He bonded out of jail on September 15, 2005. *Id.*

On December 7, 2005, the grand jury for the Eastern District of Arkansas indicted Montgomery with three counts - possession with intent to distribute marijuana,[1] possession of a firearm in a drug crime, and conspiracy to distribute marijuana. Montgomery entered a guilty plea on June 21, 2006, and the Court sentenced him on October 27, 2006, to two 60-month sentences, to be served consecutively. *See United States v. Montgomery*, Case No. 4:05CR00328-SWW-2. His attorney requested the Court to run his sentence concurrent to any state-court sentence, but the Court stated it did not have authority to so order because the

---

[1]This count was later dismissed on motion of the Government.

state court—not the federal court—would sentence Montgomery last.  Nonetheless, the Court noted that it would not oppose a concurrent sentence.  (Petition, Doc. No. 2, at 9-10)

Montgomery was again arrested on April 11, 2006, by Little Rock police for failure to appear, and he was remanded to the Pulaski County Jail.  (Response, Doc. No. 8, Exhibit A-1)  Therefore, when he appeared in federal court for sentencing on October 27, 2006, he was on loan from state custody.  On November 22, 2006, the Pulaski County Circuit Court sentenced Montgomery to seventy-two (72) months' imprisonment in the Arkansas Department of Correction for violation of probation, and manufacture, delivery, and possession of a controlled substance.  *Id.* at A-5.  Montgomery was released on state parole to federal custody on June 12, 2008, at which time his federal sentence commenced.  *Id.* at A-3.  The BOP computed Montgomery's federal sentence to commence consecutive to his June 12, 2008-state-parole date.

On September 24, 2008, defense counsel filed a Motion to Run State Time Concurrently with Federal Time and Motion for Credit for Time Spent in Custody.  (*See United States v. Christopher Montgomery, Jr.*, Case No. 4:05CR00328-SWW-2, Doc. No. 58)  The Court denied the motion without prejudice.  *Id.* at Doc. No. 61.  Thereafter, Montgomery sought relief through the BOP's administrative process.   On September 7, 2010, the BOP granted Montgomery's retroactive designation request.[2] (Response, Doc. No.

---

[2]As a result of *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the BOP considers a request for presentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation of a state facility as a place of federal confinement.  BOP Program Statement 5160.05, at 5-7 (accessible at www.bop.gov).

8, Exhibits A-1, A-18, A-19) On September 9, 2010, the BOP recalculated Montgomery's 120-month federal sentence to commence on the date of its imposition, October 27, 2006, and additional prior custody credit was given. *Id.* at A-19. Montgomery's projected for release date was February 24, 2017, *id.* at A-12, but is now set for December 22, 2014. *Id.* at A-1, A-19.

## Discussion

The BOP has properly awarded Montgomery presentence jail credits for the days he spent in state custody prior to the commencement of his state sentence. Those days included August 17, 2005 to August 18, 2005; September 14, 2005 to September 16, 2005; April 11, 2006 to May 23, 2006; and May 24, 2006 to October 26, 2006. By allowing his federal sentence to commence on the day it was imposed, the BOP granted Montgomery a *nunc pro tunc* designation. Therefore, Montgomery's petition should be denied as he has received the relief sought.

## Conclusion

Based on the foregoing, the Court finds that the petition, Doc. No. 1, should be dismissed with prejudice, and the relief requested denied.

SO ORDERED this 16th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE